FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2002 DEC 10 PM 2:09
CLERK'S OFFICE
AT BALTIMORE
BY _____ DEPUTY

____FILED ____ENTERED
____LODGED ____RECEIVED

DEC - 6 2002

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
NIGHT DROP BOX

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | | |
|---|---|---|
| FIDELITY AND GUARANTY LIFE INSURANCE COMPANY, et al., | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. JFM 02 CV-1843 |
| AMANDA PARNELL, et al., | : | |
| Defendants. | : | |

**CONSENT JUDGMENT**

This is an interpleader action brought by Fidelity and Guaranty Life Insurance Company ("F&G Life"), pursuant to 28 U.S.C. §§ 1335, 1397, and 2361, to determine the respective rights of Singer Asset Finance Company, L.L.C. ("Singer"), St. Paul Fire & Marine Insurance Company ("St. Paul"), Fidelity & Guaranty Assignment Corporation ("F&G Assignment"), and Amanda Parnell ("Parnell") to receive payments under F&G Life Annuity Policy No. 16709325 (the "Annuity").

Parnell is a party to a Settlement Agreement and Release dated April 20, 1999 (the "Release") with, among others, United States Fidelity and Guaranty Company ("USF&G"). USF&G assigned its obligation to make payments under the Release to F&G Assignment. The Release provides that St. Paul is contingently liable to make payments under the Release. F&G Assignment purchased the Annuity to fund the monthly payment obligations to Parnell under the Release.

Singer and Parnell entered into two Loan Agreements, under which Singer acquired from Parnell, for value, the right to receive certain future, monthly payments under the Release and the Annuity (the "Assigned Payments").

Parnell caused Assigned Payments to be redirected to her, and otherwise failed and refused to

forward those payments to Singer.

F&G Life commenced this interpleader action by filing a Complaint on May 30, 2002. By Order dated May 30, 2002, the Court dismissed F&G Life from the case with prejudice, but providing that F&G Life could seek its attorneys' fees and costs, and ordered F&G Assignment, St. Paul, Singer, and Parnell to plead and pursue their claims among themselves in connection with their respective rights and claims to the Annuity payments. Since the entry of the Court's Order of May 30, 2002, F&G Life has made all payments due under the Annuity into the Registry of the Court.

All Defendants have been properly served with process. Parnell, notwithstanding her being properly served with process, has not appeared in this action, and on November 20, 2002, the Court entered an Order of Default against Parnell.

Upon the joint Motion of Singer, F&G Assignment, and St. Paul, it is this 9th day of December, 2002 ORDERED:

1. That Parnell, by virtue of her default in this matter, hereby forfeits any claims that she had or may ever have to the Annuity payments that have been paid into the Registry of the Court, and to all future Annuity payments made to Singer pursuant to this Consent Judgment.

2. That pursuant to the Court's authority under 28 U.S.C. §§ 1651 and 2361, Parnell and anyone claiming any interest derived in any way from Parnell are permanently enjoined from continuing or ever bringing any action or making any claim against F&G Life, F&G Assignment, St. Paul, and/or Singer based upon or arising out of the Release, the Annuity, or the Loan Agreements.

3. That F&G Life is released from any liability to USF&G, F&G Assignment, St. Paul, Singer, Parnell, or anyone claiming any interest derived in any way from Parnell on account of any

Annuity payments F&G Life may have made to any person or entity prior to the date of this Consent Judgment.

4. That USF&G is released from any liability to F&G Life, F&G Assignment, St. Paul, Singer, Parnell, or anyone claiming any interest derived in any way from Parnell on account of any Annuity payments F&G Life may have made to any person or entity prior to the date of this Consent Judgment.

5. That F&G Assignment is released from any liability to F&G Life, USF&G, St. Paul, Singer, Parnell, or anyone claiming any interest derived in any way from Parnell on account of any Annuity payments F&G Life may have made to any person or entity prior to the date of this Consent Judgment.

6. That St. Paul is released from any liability to F&G Life, USF&G, F&G Assignment, Singer, Parnell, or anyone claiming any interest derived in any way from Parnell on account of any Annuity payments F&G Life may have made to any person or entity prior to the date of this Consent Judgment.

7. That Singer is released from any liability to F&G Life, USF&G, F&G Assignment, St. Paul, Parnell, or anyone claiming any interest derived from Parnell on account of any Annuity payments F&G Life may have made to any person or entity prior to the date of this Consent Judgment.

8. That 10% of the interest earned on the funds deposited into the Registry of the Court shall be retained by the Court as its Registry fee.

9. That F&G Life's attorneys' fees and expenses in the amount of $2,271.20 shall be paid from the remaining monies in the Registry of the Court.

10. That a portion of Singer's attorneys' fees and expenses in the amount of $3,261.15 shall be paid from the Annuity payments payable under paragraph 10, *infra*.

11. That all remaining monies in the Registry of the Court shall be paid to Singer at the following address:

> Singer Asset Finance Company, L.L.C.
> Attention: Kenneth R. Barnett, Esquire
> 2700 North Military Trail, Suite 300
> Boca Raton, Florida 33431.

10. That F&G Life shall make the following payments under the Annuity to Singer:

   (a) All remaining monthly payments through May 2009;

   (b) A lump sum payment of $30,000 due on or before August 1, 2003;

   (c) A lump sum payment of $50,000 due on or before August 1, 2008;

   (d) A lump sum payment $39,823.83 due on or before August 1, 2013.

These payments shall be made to Singer at the following address:

> Singer Asset Finance Company, L.L.C.
> PO Box 19391A
> Newark, New Jersey 07195-0391.

12. That F&G Life shall make all remaining payments under the Annuity to Parnell.

13. That Singer shall indemnify, defend, and hold harmless F&G Life, F&G Assignment, USF&G, and St. Paul from any claim made or action brought by Parnell or any other person (i) for any payments that were due under the Annuity or the Release up to this date; (ii) on account of any Annuity payments that were made to Singer or the Court up to this date; (iii) on account of any Annuity payments that are made to Singer pursuant to this Consent Judgment; or (iv) for any actions or omissions occurring prior to the date of this Consent Judgment and arising out of or from the

Annuity, the Release, or this Action. Singer's indemnification shall include all actual attorneys' fees, costs, and expenses incurred by F&G Life and/or St. Paul as a consequence of any such claim or action.

14.     That this Court shall retain jurisdiction over this matter to enforce any and all matters relating to this Consent Judgment.

_____
Marvin J. Garbis, Judge
United States District Court
for the District of Maryland